Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| VÍCTOR CORUJO RÍOS<br><br>*Recurrente*<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>*Recurrido* | TA2025RA00377 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: B-1137-25<br><br>Sobre: Cuentas |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de enero de 2026.

El 4 de noviembre de 2025, el señor Víctor Corujo Ríos (señor Corujo Ríos o recurrente) presentó ante este Tribunal de Apelaciones, por derecho propio, el recurso de *Revisión Administrativa* de epígrafe junto con una *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia.*

Examinada la solicitud para litigar como indigente, se declara **Ha Lugar**.

En cuanto al recurso de *Revisión Administrativa*, por los fundamentos que expondremos a continuación, **confirmamos** la *Resolución* impugnada.

**I.**

El caso de autos tuvo su génesis el 19 de julio de 2025, cuando el señor Corujo Ríos presentó una *Solicitud de Remedio Administrativo*[1] ante el Departamento de Corrección y Rehabilitación en la División de Remedios Administrativos (DCR o agencia

---

[1] Anejo 2 del recurso de *Revisión Administrativa.*

recurrida), en la que esbozó lo siguiente: "Solicito a la agencia de Cuentas, que me indique el porque no me an ejecutado el pago de los meses que trabaje en el campamento Zarzal desde 14 mayo 2024 hasta el presente escrito. Ya an pasado mas de 11 meses o mas y no recibido compensaciones alguna por mis labores realizadas"[2].

Evaluada la solicitud, el 1 de agosto de 2025, el DCR emitió su *Respuesta al Miembro de la Población Correccional*[3], por medio de la Evaluadora de la Oficina de Bayamón, la señora Maribel García Charriez (Evaluadora García Charriez). En la misma, se desestimó la solicitud presentada por el señor Corujo Ríos por incumplimiento de los términos de la Regla XII, Sec. 2 del Reglamento Núm. 8583, *infra*. Inconforme con la determinación, el 14 de agosto de 2025, el recurrente presentó una *Solicitud de Reconsideración*[4]. En ésta, arguyó que, según nuestro ordenamiento, todo obrero tiene un término de tres (3) años para reclamar compensación por sus labores realizadas.

Así las cosas, el 29 de agosto de 2025, mediante la *Respuesta de Reconsideración al Miembro de la Población Correccional*[5] se acogió la petición de reconsideración del recurrente. Acogida la reconsideración, el 10 de octubre de 2025[6], el DCR emitió una *Resolución* en la cual hizo las siguientes determinaciones de hechos:

> 1. El recurrente present[ó] Solicitud de Remedios Administrativos el 1 de agosto de 2025 ante el Evaluador de Remedios Administrativos, Maribel García Charriez de la Oficina de Bayamón. En su escrito solicita que se le pague los meses trabajados en el Campamento Zarzal.
>
> 2. Se realiza respuesta por parte de la Sra. Maribel García Charriez, Evaluadora de la Oficina de Bayamón el 1 de agosto de 2025 en la cual desestima el recurso a la luz del Reglamento Para Atender Las Solicitudes De Remedios Administrativos Radicadas Por Los Miembros De La Población Correccional.
>
> 3. Se hace la entrega al recurrente del Recibo de Respuesta el 18 de agosto 2025.

---

[2] *Íd.*
[3] Anejo 3 del recurso de *Revisión Administrativa*.
[4] Anejo 4 del recurso de *Revisión Administrativa*.
[5] Anejo 5 del recurso de *Revisión Administrativa*.
[6] Notificada el 28 de octubre de 2025.

4. El 18 de agosto de 2025, el recurrente inconforme con la respuesta emitida, presentó Solicitud de Reconsideración ante el Coordinador Regional de Remedios Administrativos. En síntesis, arguye que no está de acuerdo con la respuesta recibida.

5. Se acoge reconsideración el 29 de agosto de 2025.

Así pues, la agencia recurrida determinó confirmar la respuesta recibida por parte de la Evaluadora García Charriez.

Inconforme aun, el 4 de noviembre de 2025, el señor Corujo Ríos presentó el recurso ante nuestra consideración y le imputó al DCR el siguiente señalamiento de error:

Erró la Administración de Corrección por conducto de la División de Remedio[s] Administrativo[s] al no ejecutar el pago de [nómina].

El 4 de diciembre de 2025[7], emitimos una *Resolución* concediéndole término a la agencia recurrida hasta el 7 de enero de 2026 para que presentara su alegato en oposición. Así pues, el DCR compareció mediante *Escrito en Cumplimiento de Resolución* en la cual solicitó que se confirmara el dictamen recurrido. Toda vez que, el Reglamento Núm. 8583, *infra,* dispone que todo remedio administrativo debe presentarse dentro del término de quince (15) días calendario a partir de que el perjudicado adviene en conocimiento de los hechos que motivaron su solicitud para radicar la misma, salvo que medie justa causa o caso fortuito.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### -A-

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico establece la autoridad del Tribunal de Apelaciones para revisar "decisiones, órdenes y resoluciones finales de organismos o agencias administrativas"[8]. Por su parte, la Ley de Procedimiento

---

[7] Notificada el 8 de diciembre de 2025.
[8] Art. 4006(c) de la Ley Núm. 201-2003, 4 LPRA sec. 24(y)(c).

Administrativo Uniforme del Gobierno de Puerto Rico (LPAU) establece el marco de revisión judicial de estas decisiones[9]. Cónsono con lo anterior, nuestra función revisora se limita a delinear la discreción de las entidades administrativas para garantizar que sus decisiones se encuentren en el marco de los poderes delegados y sean consecuentes con la política pública que las origina[10].

Debido a la vasta experiencia y conocimiento especializado que tienen las agencias administrativas sobre los asuntos que le son encomendados, los foros revisores les conceden gran consideración y deferencia a sus decisiones[11]. Al mismo tiempo, esta facultad revisora delimita la discreción de los organismos administrativos a modo de asegurar que estos ejerzan sus funciones dentro de los márgenes de las facultades que le fueron delegadas por ley[12]. Es por esta razón, que la revisión judicial se limita a determinar si la agencia actuó de manera arbitraria o ilegal, o de forma tan irrazonable que sea considerado un abuso de discreción[13]. Hay que señalar que las determinaciones de los organismos administrativos están cobijadas por una presunción de corrección y legalidad que debe respetarse, mientras la parte que las impugne no demuestre con suficiente evidencia que la decisión no está justificada[14].

Así pues, la revisión judicial de una decisión administrativa se circunscribe a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si esta actuó

---

[9] Sección 4.5 de la Ley Núm. 38-2017, 3 LPRA sec. 9675.

[10] *Torres Rivera v. Policía de PR*, 196 DPR 606, 625-626 (2016); *Empresas Ferrer v. A.R.Pe.*, 172 DPR 254, 264 (2007); *Mun. de San Juan v. J.C.A.*, 149 DPR 263, 279 (1999).

[11] *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *OCS v. Point Guard Ins.*, 205 DPR 1005, 1026 (2020); *PRHOA v. Confederación Hípica*, 202 DPR 509, 521 (2019).

[12] *Vázquez v. Consejo de Titulares y Junta de Directores del Condominio Los Corales*, 2025 TSPR 56, 215 DPR ___ (2025).

[13] *Pérez López v. Depto. de Corrección*, 208 DPR 656, 673 (2022); *Super Asphalt v. AFI y otro*, *supra*, pág. 821; *Trigo Margarida v. Junta Directores*, 187 DPR 384, 394 (2012).

[14] *Trigo Margarida v. Junta Directores*, *supra*, págs. 393-394; *Mundo Ríos v. CEE et al.*, 187 DPR 200, 219 (2012), citando a *Rebollo v. Yiyi Motors*, 161 DPR 69, 77 (2004).

de forma arbitraria, caprichosa o ilegal[15]. El criterio rector es la razonabilidad de la actuación de la agencia recurrida[16]. Por ello, al momento de evaluar una determinación administrativa se debe considerar si: (1) el remedio concedido por la agencia fue apropiado; (2) la decisión de la agencia está sostenida en evidencia sustancial que obra en el expediente administrativo visto en su totalidad; y (3) las conclusiones de derecho fueron correctas[17].

Ahora bien, si la decisión del organismo administrativo no estuvo basada en evidencia sustancial; erró en la aplicación o interpretación de las leyes o los reglamentos que se le encomendó administrar; o actuó de manera irrazonable, arbitraria o ilegal, al realizar determinaciones carentes de una base racional; o si la actuación lesionó derechos constitucionales fundamentales, la deferencia debida a la agencia debe ceder[18].

Si una parte afectada por un dictamen administrativo impugna las determinaciones de hecho, esta tiene la obligación de derrotar con suficiente evidencia, que la determinación no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración[19]. De no identificarse y demostrarse esa otra prueba en el expediente administrativo, las determinaciones de hechos deben sostenerse por el tribunal revisor, pues el recurrente no ha logrado rebatir la presunción de corrección o legalidad[20].

Sobre las determinaciones de derecho, el Tribunal Supremo ha dicho que distinto a las determinaciones de hecho, el tribunal las

---

[15] *Vélez v. A.R.Pe.*, 167 DPR 684, 693 (2006).

[16] *Super Asphalt v. AFI y otro, supra*; *González Segarra et al. v. CFSE*, 188 DPR 252, 276 (2013); *Trigo Margarida v. Junta Directores, supra*, pág. 394.

[17] *OEG v. Martínez Giraud*, 210 DPR 79, 89 (2022); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35-36 (2018); *Pagán Santiago et al. v. ASR*, 185 DPR 341, 358 (2012).

[18] *OEG v. Martínez Giraud, supra*, pág. 90; *Super Asphalt v. AFI y otro, supra*, pág. 819, citando a *Torres Rivera v. Policía de PR, supra*, pág. 628; *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744-745 (2012).

[19] *González Segarra et al. v. CFSE, supra*, pág. 277; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216-217 (2012); *Pereira Suárez v. Jta. Dir Cond.*, 182 DPR 485, 511 (2011).

[20] *González Segarra et al. v. CFSE, supra*; *Pereira Suárez v. Jta. Dir Cond., supra*, pág. 513, citando a *Domínguez v. Caguas Expressway Motors, Inc.*, 148 DPR 387, 398 (1999); *O.E.G. v. Rodríguez*, 159 DPR 98, 118 (2003).

puede revisar en todos sus aspectos, sin sujeción a norma o criterio alguno[21]. Sin embargo, esto no quiere decir que un foro apelativo pueda descartar las conclusiones y sustituir el criterio del ente administrativo por el suyo. En estos casos, también los tribunales apelativos les deben deferencia a los organismos administrativos[22].

**-B-**

La Constitución de Puerto Rico dicta como política pública del Estado reglamentar las instituciones penales para que sirvan a sus propósitos en forma efectiva, y así propender al tratamiento adecuado de la población correccional a los fines de posibilitar su rehabilitación moral y social[23]. En virtud de este mandato, el Artículo 2 del Plan de Reorganización del Departamento de Corrección y Rehabilitación, Ley Núm. 2-2011, según enmendado[24], ("Plan de Reorganización") ordena "[...]la creación de un sistema integrado de seguridad y administración correccional en donde las funciones y los deberes se armonicen en un proceso facilitador a la imposición de penas y medidas de seguridad [...]". En lo pertinente, el Artículo 7(aa) del Plan de Reorganización[25], le concede al Secretario del DCR las siguientes facultades:

> [A]doptar, establecer, desarrollar, enmendar, derogar e implementar reglas, reglamentos, órdenes, manuales, normas y procedimientos para el funcionamiento efectivo del Departamento y de los organismos bajo su jurisdicción, a los fines de regir la seguridad, la disciplina interna y la conducta de funcionarios, empleados y de la clientela, así como los programas y servicios.

En cumplimiento de lo anterior, el 4 de mayo de 2015, el DCR adoptó el Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583 (Reglamento Núm. 8583). En

---

[21] *Vázquez v. Consejo de Titulares y Junta de Directores del Condominio Los Corales, supra.*
[22] *González Segarra et al. v. CFSE, supra*, págs. 277-278; *Batista, Nobbe v. Jta. Directores, supra*, pág. 217, citando a *Rebollo v. Yiyi Motors, supra.*
[23] Const. PR, Art. VI, Sección 19, LPRA Tomo I.
[24] 3 LPRA, Ap. XVIII, Art. 2
[25] 3 LPRA, Ap. XVIII, Art. 7(aa).

lo pertinente a la controversia que nos ocupa, la Regla XII (2), Reglamento Núm. 8583, *supra,* dispone que un miembro de la población correccional **tendrá quince (15) días calendario para someter tal solicitud, contados a partir de que advenga en conocimiento de los hechos que motivan su solicitud, salvo que medie justa causa o caso fortuito que impidan su presentación.** (Énfasis nuestro).

### III.

Surge del expediente ante nuestra consideración que el **19 de julio de 2025,** el señor Corujo Ríos presentó una *Solicitud de Remedio Administrativo* por hechos ocurridos el **14 de mayo de 2024**. Evaluada su solicitud, la agencia recurrida resolvió que la presentación de dicha solicitud ocurrió fuera del término establecido en la Regla XII Sec. (2) del Reglamento Núm. 8583, *supra.*

Al respecto, es claro que la referida disposición reglamentaria establece que el miembro de la población correccional debe presentar su reclamo **dentro de los quince (15) días contados desde que adviene en conocimiento de los hechos que motivan su solicitud**. Sin embargo, surge del expediente administrativo que la *Solicitud de Remedio Administrativo* fue presentada inoportunamente. Esto, debido a que el recurrente sometió dicha solicitud después de más de un año desde que advino en conocimiento de los hechos que motivaron la misma. Por ende, no identificamos fundamentos jurídicos para intervenir en el dictamen emitido por el DCR, pues es cónsono con la ley vigente en nuestro ordenamiento administrativo y el cuerpo reglamentario pertinente.

### IV.

Por los fundamentos que anteceden, ***confirmamos*** la *Resolución* recurrida

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones